**CITY OF KINGSPORT, TENNESSEE, et al., Plaintiffs,**

v.

**SCM CORPORATION et al., Defendants.**

**Civ. A. No. 2639.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 2, 1971.

See also D.C., 352 F.Supp. 287, 288, 291.

W. E. Weber, City Atty., H. E. Wilson, and Joe Worley, Kingsport, Tenn., for plaintiffs.

F. Allan Kelly, Kingsport, Tenn., Arthur G. Seymour, Knoxville, Tenn., John Peters, Cleveland, Ohio, M. Lacy West, Kingsport, Tenn., Christopher Christopher, Worcester, Mass., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action, 28 U.S.C. §§ 1441(a), 1332(a)(1), (c), in which a municipal corporation and two private corporations claim damages for pecuniary loss arising from breaches of contract, expressed and implied warranties, and material misrepresentations relating to a defective product utilized in the construction of a school building. The defendants have moved for a dismissal of the action or, in the alternative, for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the grounds that privity of contract is lacking between the parties and that no plaintiff has been damaged.

■ ■ There is no merit to either contention. Even if there is no privity between the parties, the plaintiffs are

permitted to recover for pecuniary loss arising from a defective product when there is no privity. 28 U.S.C. § 1652; Ford Motor Co. v. Lonon (1966), 217 Tenn. 400, 406 [1], 398 S.W.2d 240. Each plaintiff claims the right to recover for an injury to an item of property, measurable by the cost of necessary repairs. In this situation, " * * the actual incurring of expense for repair is not a prerequisite to recovery. * * * " 22 Am.Jur.2d 240 et seq., Damages, § 170. Accordingly, the motion of the defendants hereby is

Denied.

See also, D.C., 352 F.Supp. 286, 291.